IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| NOBLE HOUSE LTD.,<br><br>                       Plaintiff,<br><br>       -against-<br><br>DIAMOND TRADING COMPANY and ARIA AHDOOT,<br><br>                   Defendants. | Civil Case No. _____<br><br><br>**COMPLAINT** |

Plaintiff Noble House Ltd. ("Plaintiff" or "Noble House"), by and through its undersigned counsel, for its Complaint against Defendants Diamond Trading Company ("DTC") and Aria Ahdoot ("Ahdoot" and, together with DTC, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.  This is a civil action for fraud and negligent misrepresentation under Kansas common law, arising from Defendants' misrepresentations and concealment of material facts concerning a green and pink diamond necklace that Defendants sold to Noble House.

2.  As a result of Defendants' acts complained of herein, Noble House seeks recovery of its damages, punitive damages, and other relief as more fully set forth herein.

## THE PARTIES

3.  Plaintiff Noble House Ltd. is a company incorporated in Kansas that has its principal place of business at 11620 Metcalf Avenue, Overland Park, KS 66210.

4.  Upon information and belief, Defendant Diamond Trading Company is incorporated in California and has its principal place of business at 9777 Wilshire Boulevard, Suite

550, Beverly Hills, CA 90212.

5.      Upon information and belief, Defendant Aria Ahdoot is, and was at all times herein mentioned, a resident and citizen of California.

6.      Upon information and belief, DTC is owned and operated by Defendant Ahdoot. Defendant Ahdoot is identified as the authorized agent for DTC in business search results available through the California Secretary of State website.

7.      Upon information and belief, Ahdoot committed, had knowledge of, performed, authorized, ratified, or directed the acts or transactions complained of herein on behalf of DTC while actively engaged in the scope of his duties and responsibilities.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1332, as there is diversity of citizenship between Noble House and Defendants, and the matter in controversy between the parties exceeds $75,000.

9.      Defendants are subject to the Court's personal jurisdiction because, upon information and belief, Defendants have conducted business in this District, has committed a tortious act in this District, entered into a contract with a resident of this District, and a substantial part of the events giving rise to the claims in this action occurred in this District.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

### *Noble House's Jewelry Business*

11.     Noble House, also known as Noble House Jewelry, is a Kansas-based company that offers a large selection of fine jewelry for sale.

12.     The company was founded more than 35 years by Zoe Herrington and is now

managed by her son, Douglas Brooks.

13.     Noble House specializes in unique jewelry and caters to clientele who have discerning taste.

14.     Noble House procures precious gems and creates custom jewelry for customers, and also purchases jewelry for resale to its clientele.

15.     Noble House has a network of sellers, including wholesalers, who offer jewelry to Noble House for sale or resale.

16.     Noble House has expanded in recent years and now has a boutique location in Saint Simons Island, Georgia.  Noble House also offers jewelry for sale through its website, located at www.noblehousejewelry.com.

*Defendants' Sale of a Necklace to Noble House*

17.     In or about early 2017, Defendants emailed Noble House several times, offering specialty items of jewelry for sale.

18.     Upon information and belief, Defendants received Noble House's contact information from a trade show.

19.     In or about mid-February 2017, Noble House responded to one of Defendants' emails, wherein Defendants offered a unique necklace containing green and pink diamonds for sale (the "Necklace").  Noble House expressed interest in purchasing the Necklace based on the colors of the diamonds.

20.     On or about February 28, 2017, Defendants agreed to sell the Necklace to Noble House for $34,999.00 and sent an invoice to Noble House, reflecting the terms of sale (the "Invoice").  A true and correct copy of this Invoice is attached hereto as **Exhibit A**.

21.     Noble House submitted payment to Defendants, pursuant to the Invoice, via checks,

and accepted shipment of the Necklace at its headquarters in Overland Park, Kansas.

22.     Noble House did not make any alternations or adjustments to the Necklace or the setting of the diamonds.

23.     In or around January 2018, Noble House resold the Necklace to a customer, Mary Ann Gerber, in Kansas for $85,900.00.

### *The Customer's Complaint*

24.     On July 16, 2020, Ms. Gerber filed a civil petition in the District Court of Johnson County, Kansas Civil Court Department, against Noble House and its founder, Ms. Herrington, regarding her purchase of the Necklace.

25.     In the petition, Ms. Gerber alleged that she discovered that the "green" diamond in the Necklace was not actually a green diamond.  Ms. Gerber alleged that, instead, the back of the setting had been painted green to make the diamond appear to be green, but the diamond was in fact an ordinary clear diamond of average quality.  As a result, asserted claims for fraud, negligent misrepresentation, breach of contract, and violations of the Kansas Consumer Protection Act.

26.     Until receiving Ms. Gerber's petition, Noble House had no reason to suspect that anything was amiss with the Necklace or that the Necklace did not contain green or pink diamonds.

27.     After reviewing Ms. Gerber's petition, Noble House contacted Defendants and spoke with Ahdoot, who assured Noble House that there were no issues with the Necklace and that Ms. Gerber's claims were unfounded.

28.     Based on Ahdoot's assurance, Noble House proceeded to defend itself in the litigation.

29.     In June 2021, during the litigation of Ms. Gerber's petition, Donald A. Palmieri, a Master Gemologist Appraiser from the Gem Certification & Assurance Lab, inspected the

Necklace, including disassembling parts of the Necklace.

30.     Mr. Palmieri reported that of the two alleged "green" diamonds and one alleged "pink" diamond, all three stones were set in closed back settings and the settings of all three stones were "painted" either vivid green or vivid pink to make stones appear to have those colors.

31.     Mr. Palmieri characterized this "painting" as a "materially deceptive and fraudulent practice" and opined that there is "no legitimate resale or retail market for an item of fraudulent jewelry."

32.     After Noble House reviewed Mr. Palmieri's report, it consulted with other experts in the jewelry industry, who confirmed that such painting is contrary to industry standard and practice.

33.     As a result, Noble House agreed to repurchase the Necklace from Ms. Gerber for the full purchase price that she paid.

34.     The parties ultimately agreed to resolve Ms. Gerber's action and filed a stipulation for dismissal in March 2022.

### *Noble House's Correspondence with and Demands to Defendants*

35.     On or about March 25, 2022, Noble House, through prior counsel, sent a letter to Defendants, addressed to Ahdoot, identifying Defendants' fraudulent practice and demanding that Defendants repurchase the Necklace and agree to reimburse Noble House for the attorneys' fees it expended in connection with Ms. Gerber's petition.

36.     Defendants did not respond in writing, but Ahdoot spoke with Noble House's prior counsel on or about March 29, 2022.

37.     During this call, Ahdoot indicated that it was "common" to enhance the color of fancy diamonds by painting the basket under the stone.  Ahdoot also indicated that he believed the

Necklace was worth far more than Noble House paid Defendants for it.

38.     On or about April 13, 2022, Noble House, through prior counsel, followed up with Defendants by letter and requested that Defendants provide any literature to support Ahdoot's assertion, relayed during the call, that the practice is common.  Noble House also reiterated its demand that Defendants repurchase the Necklace.

39.     To date, Defendants have refused to comply with Noble House's demands, necessitating this lawsuit.

<u>**COUNT I**</u>
**(Fraud – Kansas Common Law)**

40.     Noble House realleges and incorporates herein by reference each of the foregoing allegations as if fully set forth herein.

41.     Defendants made false statements of fact concerning the Necklace, and particularly the color of the diamonds in the Necklace.

42.     Defendants knew the statements that they made to Noble House regarding the Necklace were false because Defendants, upon information and belief, had painted portions of the Necklace to make the diamonds appear to be green and pink.

43.     Defendants concealed the fact that the Necklace had been altered and the diamonds in the Necklace were not actually green and pink diamonds.

44.     Defendants' false statements and omissions regarding the Necklace were material to Noble House's decision to purchase the Necklace.

45.     Defendants made false statements of material fact and omitted material information regarding the Necklace with either the intent to deceive Noble House, or in reckless disregard for the truth.

46.     Noble House justifiably relied upon the statements made by Defendants regarding

the Necklace.

47.     Defendants had a duty to correct the information that they relayed to Noble House about the Necklace, but failed to do so, both at the time of the transaction and later, when Noble House's customer lodged a petition against Noble House over the Necklace.

48.     Defendants' false statements and omissions of material facts regarding the Necklace were the proximate cause of the damages incurred by Noble House.

49.     Defendants are jointly and severally liable in that in concert they engaged in fraud that caused indivisible harm to Noble House and therefore are jointly and severally liable for damages suffered by Noble House because of their fraud.

## COUNT II
### (Negligent Misrepresentation – Kansas Common Law)

50.     Noble House realleges and incorporates herein by reference each of the foregoing allegations as if fully set forth herein.

51.     Defendants misrepresented the color of the diamonds in the Necklace.

52.     Defendants concealed material facts regarding the true color of the diamonds in the Necklace.

53.     Defendants knew or should have known that its misrepresentations were false because Defendants, upon information and belief, had painted portions of the Necklace to make the diamonds appear green and pink.

54.     Defendants' misrepresentations were material to Noble House's decision to purchase the Necklace.

55.     Noble House reasonably relied upon Defendants' misrepresentations.

56.     Noble House suffered damages as a result of Defendants' misrepresentations.

57.     Defendants are jointly and severally liable in that in concert they engaged in misrepresentations that caused indivisible harm to Noble House and therefore are jointly and severally liable for damages suffered by Noble House because of their fraud.

## PLACE OF TRIAL

Pursuant to Local Rule 40.2, Noble House requests that trial of this matter be in Kansas City.

## PRAYER FOR RELIEF

**WHEREFORE**, Noble House respectfully requests that this Court enter judgment in its favor on all counts of this Complaint and grant Noble House the following relief:

1.     Award Noble House its damages;

2.     Award Noble House punitive damages;

3.     Award Noble House such other and further relief as the Court deems just and proper.

Dated: July 15, 2022                                    DENTONS US LLP

                                       By:     /s/ Brian R. McGinley
                                              Brian R. McGinley, KSD Bar No. 19152
                                              4520 Main Street, Suite 1100
                                              Kansas City, MO 64111
                                              Phone: (816) 460-2400
                                              Fax: (816) 531-7545
                                              Email: brian.mcginley@dentons.com

                                              *Attorneys for Plaintiff Noble House Ltd.*